IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EARL S. TURNER,

    Plaintiff,

v.                              Civil Action No. 3:11CV181

KEN CUCCINELLI, et al.,

    Defendants.

**MEMORANDUM OPINION**

Earl S. Turner, a Virginia prisoner proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 complaint. The matter is proceeding on Turner's Amended Complaint (Docket No. 15). In his Amended Complaint, Turner names the following individuals as defendants: Ken Cuccinelli,[1] Harold Clarke, Ted Hull, Carolyn Neal, and Lynn Sudduth as defendants. The matter is before the Court on Clarke's Motion to Dismiss (Docket No. 32) and several nondispositive motions filed by Turner. For the reasons set forth below, Clarke's Motion to Dismiss will be granted and Turner's motions will be denied.

**I. CLARKE'S MOTION TO DISMISS**

**A. Standard For A Motion To Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve

---

[1] By Memorandum Order entered on April 2, 2012, the Court dismissed Cuccinelli as a defendant because Turner did not mention him in the body of the Amended Complaint.

contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

2

Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable," id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.  **Summary Of Allegations**

In 2010, Turner was incarcerated in the Northern Neck Regional Jail ("NNRJ"). In November of 2010, Turner's medical records arrived at NNRJ. After reviewing Turner's medical records and examining Turner, the doctor at NNRJ "determined that surgery was warranted." (Am. Compl. 2.)[2] "The medical staff . . . at NNRJ, Carolyn Neal and Lynn Sudduth[,] refused to take any action to make possible that [Turner] get the overdue and needed surgery . . . ." (Id. (spacing corrected).) "Due to the lengthy delay in [Turner's] surgery[,] [Turner] has lost tremendous use of his leg and on several occasions is confined to bed for numerous days with constant swelling and excruciating pain." (Id.) Turner contends the foregoing omissions violated his rights under the Eighth[3] and Fourteenth[4] Amendments. Turner demands $50,000,000.00 in damages.

---

[2] The Court has corrected the capitalization in the quotations to Turner's Amended Complaint.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

4

## C. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Turner does not mention Clarke in the Amended Complaint, much less explain Clarke's personal involvement in the events for which Turner seeks relief. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Accordingly, Clarke's Motion to Dismiss (Docket No. 32) will be granted. Any claim by Turner against Clarke will be dismissed.

## II. TURNER'S MOTIONS

Turner has filed three motions requesting that the Court appoint counsel to represent him. Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. See Fowler v. Lee, 18 F. App'x 164, 166 (4th Cir. 2011) (citations omitted). At this juncture, this action presents no complex issues or exceptional circumstances. Accordingly, Turner's Motions for the Appointment of Counsel (Docket Nos. 29, 38, 41) will be denied.

Turner also has requested that the Court appoint a guardian ad litem. Turner, however, fails to explain why the appointment of a guardian ad litem is warranted. Accordingly, Turner's Motion for Appointment of a Guardian Ad Litem (Docket No. 42) will be denied.

Any party wishing to file a dispositive motion, must do so within sixty (60) days of the date of entry hereof.

The Clerk is directed to send a copy of the Memorandum Opinion to Turner and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 12, 2012
Richmond, Virginia