IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EARL S. TURNER,

    Plaintiff,

v.                                      Civil Action No. 3:11CV181

KEN CUCCINELLI, et al.,

    Defendants.

**MEMORANDUM OPINION**

Earl S. Turner, a Virginia prisoner proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 complaint. The matter is proceeding on Turner's Amended Complaint (ECF No. 15). In his Amended Complaint, Turner names the following individuals as defendants: Ken Cuccinelli, Harold Clarke, Ted Hull, Carolyn Neale,[1] and Lynn Sudduth as defendants.[2] The matter is before the Court on the Motion for Summary Judgment filed by Hull, Neale, and Sudduth ("Defendants"). (ECF No. 44.) Turner responded. The matter is ripe for disposition.

**I.    SUMMARY OF ALLEGATIONS**

In 2010, Turner was incarcerated in the Northern Neck Regional Jail ("NNRJ").[3] (See Am. Compl. 1-2.) In November of

---

[1] Turner misspelled Neale's name in the Amended Complaint. (See, e.g., Am. Compl. 1.)

[2] The Court previously dismissed Cuccinelli and Clarke as defendants.

[3] The Court has corrected the capitalization and spelling in the quotations to Turner's Amended Complaint. The Court employs

2010, Turner's medical records arrived at NNRJ. (Id. at 2.) After reviewing Turner's medical records and examining Turner, the doctor at NNRJ "determined that surgery was warranted." (Id.) "The medical staff . . . at NNRJ, Carolyn Neale and Lynn Sudduth[,] refused to take any action to make possible that [Turner] get the overdue and needed surgery . . . ." (Id. (spacing corrected).) "Due to the lengthy delay in [Turner's] surgery[,] [Turner] has lost tremendous use of his leg and on several occasions is confined to bed for numerous days with constant swelling and excruciating pain." (Id.) Turner contends the foregoing omissions violated his rights under the Eighth[4] and Fourteenth[5] Amendments. (Id.) Turner demands $50,000,000.00 in damages. (Id. at 4.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the

---

the pagination assigned to Turner's Amended Complaint by the Court's CM/ECF docketing system.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[5] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. Anderson, 477 U.S. at 251 (citing Improvement Co. v. Munson, 81 U.S. (14 Wall.)

442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" Id. (quoting Munson, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); see Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of their Motion for Summary Judgment, Defendants submitted the following evidence: an affidavit from Ted Hull, the Superintendent of the NNRJ (Br. Supp. Mot. Summ. J. (ECF No. 45) Ex. A ("Hull Aff."); an affidavit from Lynn M. Resler (formerly Lynn Sudduth) (id. Ex. B ("Sudduth Aff.")); an affidavit from Carolyn Neale, the Supervisor of the Medical Department at NNRJ (id. Ex. C ("Neale Aff.")); an affidavit from Dr. William A. Reese, a board certified physician and the Medical Director of the NNRJ (id. Ex. D ("Reese Aff.")); and, an

affidavit from Dr. Erik M. Krushinski, a board-certified orthopedic specialist (id. Ex. E ("Krushinski Aff.")).[6]

In response to the Motion for Summary Judgment, Turner submitted a copy of a radiology report. (Pl.'s Particularized Resp. (ECF No. 47) Ex. F.) Turner's notarized Particularized Response fails to constitute admissible evidence because the content of that document "is not sworn to under penalty of perjury and there is no indication that the notary administered an oath to [Turner]." McCoy v. Robinson, No. 3:08CV555, 2010 WL 3735128, at *2 (E.D. Va. Sept. 22, 2010) (citing Nissholwai Am. Corp. v. Kline, 845 F.2d 1300, 1305-07 (5th Cir. 1988); Network Computing Servs. Corp. v. Cisco Sys., Inc., 152 F. App'x 317, 321 (4th Cir. 2005); Goode v. Gray, No. 3:07cv189, 2009 WL 255829, at *2 (E.D. Va. Feb. 3, 2009)). In light of the foregoing submissions, the following facts are established for purposes of the Motion for Summary Judgment.

### III. SUMMARY OF PERTINENT FACTS

Turner was confined in the NNRJ from September 23, 2010, until his transfer to the Dillwyn Correctional Center on May 17, 2012. (Hull Aff. ¶ 2.) On November 2, 2010, Dr. Reese the

---

[6] Defendants also submitted the copies of Turner's grievances (Hull Aff. Exs. 1, 2) and Turner's medical records (Reese Aff. Exs. 1-4; Krushinski Aff. Ex. 1.)

Medical Director at the NNRJ, referred Turner to an orthopedic specialist for complaints related to Turner's knee. (Reese Aff. ¶¶ 1, 3.) On November 18, 2010, Dr. Krushinski, an orthopedic specialist, treated Turner for complaints of right knee pain. (Krushinski Aff. ¶ 2.) Dr. Krushinski prescribed "cortisone, exercise[,] and a brace. [Dr. Krushinski] did not recommend ACL or ligament reconstruction. Turner refused the cortisone and [Dr. Krushinski's] treatment plan." (Id. ¶ 3.)

On or about December 8, 2010, Turner submitted a grievance wherein he requested surgery for a torn ligament for an injury he had sustained while detained by the Federal Bureau of Prisons ("BOP"), prior to his incarceration at NNRJ. (Hull Aff. Ex. 1, at 1-2.) Turner claimed that his medical records from the BOP reflected that Turner required surgery. (Id. at 2.) Defendant Sudduth denied Turner's request because no documentation in Turner's medical records indicated his need for surgery. (Id. at 1.)

Turner appealed the denial of his grievance to Superintendent Hull. (Hull Aff. Ex. 2, at 1.) In his appeal, Turner claimed that the doctor at the NNRJ also made a written determination that Turner required surgery. (Id.) Hull responded that "[s]urgery has not been prescribed." (Id.)

6

On February 1, 2011 and October 11, 2011, Dr. Reese attempted to treat Turner for his complaints of knee pain. (Reese Aff. ¶¶ 5, 6.) On February 1, 2011, Turner refused the non-steroidal anti-inflammatory drugs Dr. Reese prescribed. (Id. ¶ 5.) On October 11, 2011, Turner told Dr. Reese he needed surgery. (Id. ¶ 6.) Dr. Reese wrote in his notes, "In need of sug for torn ligaments." (Reese Aff. Ex. 4, at 1.) Dr. Reese explains that he "did not prescribe surgery," but "was noting what Turner told me." (Reese Aff. ¶ 6.) Dr. Reese "prescribed an ACL brace, ordered that [Turner] receive a lower bunk, and increased his Neurontin in the evening to 600 milligrams." (Id.)

"No . . . physician at NNRJ prescribed surgery for Turner's right knee. None of the medical records provided by the Federal Bureau of Prisons indicated that surgery had been prescribed for Turner's right knee." (Neale Aff. ¶ 4.) Drs. Reese and Krushinski never prescribed knee surgery for Turner. (Reese Aff. ¶ 7; Krushinski ¶ 4.)

On May 17, 2012, Turner was transferred to the Dillwyn Correctional Center on May 17, 2012. (Hull Aff. ¶ 2.) On August 31, 2012, an MRI was taken of Turner's knee. (Particularize Resp. Ex. F, at 2.) That test reflected "a

chronic tear . . . of [Turner's] anterior cruciate ligament." (Id.)

### IV. ANALYSIS

#### A. Cruel And Unusual Punishment

To survive a motion for summary judgment on an Eighth Amendment claim, a plaintiff must demonstrate that: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)); see Webb v. Hamidullah, 281 F. App'x 159, 165 (4th Cir. 2008) (citing Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

The subjective prong requires the plaintiff to demonstrate the defendant acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet

it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." Johnson, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); Rich v. Bruce, 129 F.3d 336, 340 (4th Cir. 1997)). Thus, to survive a motion for summary judgment, the deliberate indifference standard requires a plaintiff to demonstrate that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (quoting Rich, 129 F.3d at 340 n.2). In evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical

9

treatment of their choosing. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing Estelle, 429 U.S. at 103-04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3d Cir. 1970)).

Here, Turner alleges that Defendants failed to provide the surgery that a doctor had ordered. (Am. Compl. 2.) Turner has failed to muster any evidence showing that a doctor ordered surgery for his knee or that Defendants acted with deliberate indifference by failing to provide such surgery. Although Turner may disagree with Drs. Reese's and Krushinski's conclusion that he did not require surgery, that disagreement fails to demonstrate deliberate indifference. See Wright, 766 F.2d at 849 (citing Gittlemacker, 428 F.2d at 6). Accordingly, Turner's Eighth Amendment claim will be dismissed.

B. **Equal Protection**

In order for Turner's equal protection claim to survive summary judgment, Turner must demonstrate that Defendants "treated [him] differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Turner fails to submit any evidence demonstrating either unequal treatment or intentional discrimination. Accordingly, Turner's equal protection claim will be dismissed.

The Motion for Summary Judgment (ECF No. 44) will be granted. The action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Turner and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: September 10, 2013
Richmond, Virginia

11